d

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| SANAT V. SANGHANI, MD, LLC, Plaintiff | CIVIL ACTION NO. 1:17-CV-00686 |
| VERSUS | JUDGE DRELL |
| UNITED HEALTHCARE SERVICES, INC., Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. 10) filed by Defendant, UnitedHealthcare Insurance Company of Illinois ("United"). United maintains that the claims asserted by Plaintiff, Sanat V. Sanghani, MD, LLC ("Sanghani") under La. R.S. 22:1821, 22:1832, and 22:1973 are preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et seq. ("ERISA"), or are otherwise subject to dismissal.

United is correct. ERISA completely preempts Sanghani's claim to recover unpaid benefits under La. R.S. 22:1821. Sanghani's claims under La. R.S. 22:1832 and 22:1973 are not viable as a matter of law. Accordingly, United's motion to dismiss should be granted, and Sanghani's statutory claims should be dismissed with prejudice. United's request for summary judgment seeks, essentially, the same relief as its motion to dismiss: a ruling that United's plan is governed by ERISA, and therefore, that Sanghani's claims are preempted by ERISA or should otherwise be dismissed. Accordingly, United's motion for summary judgment should be denied as

moot. And Sanghani's claim to recover unpaid benefits should proceed under ERISA.

## I. Background

Sanghani originally filed suit in Alexandria City Court. According to Sanghani, United provided health insurance coverage to one of Sanghani's patients, "S.A." United clarifies that S.A. is covered under an employee welfare benefit plan (the "Plan") sponsored by S.A.'s employer, Schenker, Inc.

Sanghani is a specialist in radiation oncology. Sanghani claims he sought and received pre-authorization to provide services to S.A., provided services, and received an assignment of benefits from S.A. allowing Sanghani to pursue health benefits on S.A.'s behalf. Sanghani alleges a balance of $8,846.00 remains outstanding and unpaid by United.

Sanghani asserts claims against United under La. R.S. 22:1821, La. R.S. 22:2832, and La. R.S. 22:1973. Sanghani seeks the unpaid benefits, penalties, attorney's fees, interest, and costs. United removed, and shortly thereafter, filed the pending motion.

In a statement of contested facts filed with the opposition, Sanghani listed five factual assertions not contained in the petition:

> 1. Defendant agreed to pay plaintiff for his services at the network level in preapproving plaintiff's services.
>
> 2. Defendant never furnished plaintiff a copy of the Summary Plan Description of the United Healthcare plan covering patient Steve Aldrich.
>
> 3. Defendant never advised plaintiff that the health insurance plan was an ERISA one.

> 4. Defendant never gave notice to plaintiff referencing the specific plan provisions upon which the denial was based.
>
> 5. Defendant never advised plaintiff the additional materials required to receive payment.
>
> 6. Defendant never explained to plaintiff the basis of the non-payment of plaintiff's bill for services rendered to Mr. Aldrich despite defendant's agreement to pay for these services.
>
> 7. Whether defendant waived preemption as a result of its statement in the correspondence dated May 2, 2017.

(Doc. 17-2, p. 1). United argues these allegations constitute an attempt to expand the claims in Sanghani's petition.

"While the Court may consider new, consistent factual allegations contained in plaintiffs' opposition brief, the Court should not consider claims raised for the first time in plaintiffs' responsive memorandum." Halter v. Allmerica Fin. Life Ins. & Annuity Co., CIV. A. 98-0718, 1998 WL 516109, at *4 (E.D. La. Aug. 19, 1998) (citations omitted); accord In re Enron Corp. Sec., Derivative & ERISA Litig., 761 F.Supp.2d 504, 566 (S.D. Tex.2011) ("[I]t is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss.") (internal citations and quotations omitted). Sanghani's allegations are considered only to the extent they are "consistent factual allegations" intended to provide background to the claims stated in the petition. The allegations are not considered to the extent they inject new claims into the lawsuit. In either event, the allegations do not meaningfully bear upon the issues raised by United's motion – specifically, whether Sanghani's stated claims are completely preempted by ERISA, or are otherwise subject to dismissal.

II. <u>Law and Analysis</u>

  A. <u>Standards governing the Motion to Dismiss.</u>

A court may grant a motion to dismiss for "failure to state a claim upon which relief can be granted" under Fed. R. Civ. P. 12(b)(6). "[A] complaint will survive dismissal for failure to state a claim if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" <u>Legate v. Livingston</u>, 822 F.3d 207, 210 (5th Cir. 2016) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) (internal citation and quotation omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678. The court must view all well-pleaded facts in the light most favorable to the plaintiff. <u>Yumilicious Franchise, L.L.C. v. Barrie</u>, 819 F.3d 170, 174 (5th Cir. 2016).

  B. <u>Sanghani's state law claims are preempted by ERISA or inviable.</u>

    1. <u>ERISA preempts duplicative or conflicting state law claims.</u>

"The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." <u>Aetna Health Inc. v. Davila</u>, 542 U.S. 200, 208, 124 S.Ct. 2488, 2495, 159 L.Ed.2d 312 (2004). Therefore, ERISA contains "expansive" preemption provisions "which are intended to ensure that employee benefit plan regulation would be 'exclusively a federal concern.'" <u>Id.</u> (quoting <u>Alessi v. Raybestos–Manhattan, Inc.</u>, 451 U.S. 504, 523, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981)). As a

4

general rule, courts broadly construe ERISA's preemption provisions. See <u>Manning v. Hayes</u>, 212 F.3d 866, 870 (5th Cir. 2000).

There are two types of ERISA preemption: complete preemption under 29 U.S.C. § 1132(a), and conflict (or "express") preemption under 29 U.S.C. § 1144(a). See <u>Ellis v. Liberty Life Assur. Co. of Boston</u>, 394 F.3d 262, 275 n.34 (5th Cir. 2004). The Fifth Circuit has described the distinction between complete and conflict preemption as follows:

> ERISA may occupy a particular field, which results in complete preemption under 29 U.S.C. § 1132(a). Section 502 [1132(a)], by providing a civil enforcement cause of action, completely preempts any state cause of action seeking the same relief, regardless of how artfully pleaded as a state action. Complete preemption permits removal to federal court because the cause of action arises under federal law. . . .
>
> In contrast, ERISA preempts a state law action under 29 U.S.C. § 1144(a) when it conflicts with the state law. Conflict preemption does not allow removal to federal court but is an affirmative defense against claims that are not completely preempted under Section 1132(a).

<u>Id.</u> (internal citations and quotations omitted).

### 2. United did not waive its right to assert ERISA preemption.

Sanghani does not dispute United's arguments regarding preemption or the legal merit of his claims. Instead, Sanghani claims United waived the defense of ERISA preemption in a May 2, 2017 letter to Sanghani. In that letter, United denies payment of additional benefits upon further review of Sanghani's claim. United then states: "If you don't agree with our decision, you may appeal on the member's behalf with their signed authorization. You may have more rights under state law." (Doc. 17-1, p. 3).

Sanghani cites cases for the general proposition that ERISA preemption must be asserted as an affirmative defense, and may therefore be waived if not timely raised. See Dueringer v. Gen. Am. Life Ins. Co., 842 F.2d 127, 130 (5th Cir. 1988); see also Saks v. Franklin Covey Co., 316 F.3d 337, 350 (2d Cir. 2003) ("ERISA preemption of state contract claims in a benefits-due action is an affirmative defense that is untimely, and therefore subject to waiver, if not pleaded in the defendant's answer."). However, Sanghani does not – and could not – argue that United failed to timely raise ERISA preemption. These cases are inapposite.

Moreover, Sanghani fails to explain or support his argument that United's letter could have constituted a waiver of its right to assert ERISA preemption as an affirmative defense. The statement that Sanghani "may have more rights under state law" could be true in certain limited circumstances, but cannot reasonably be interpreted as a binding statement of legal intention. The statement has no bearing upon whether Sanghani could assert the ERISA preemption defense in this case. Sanghani's waiver argument is therefore without merit.

### 3. Sanghani's claim under La. R.S. 22:1821 is preempted by ERISA.

United contends that Sanghani's claim under La. R.S. 22:1821 is completely preempted by ERISA. The Court agrees. See, e.g., Wright v. Louisiana Corrugated Products, LLC, 59 F.Supp.3d 767, 776 (W.D. La. 2014) ("Courts consistently have recognized that ERISA preempts a claim for unpaid benefits, penalties, and fees under Louisiana Revised Statute § 22:657 (now § 22:1821)."). Accordingly, Sanghani's claim under La. R.S. 22:1821 should be dismissed with prejudice as

6

preempted. See Trahan v. Metro. Life Ins. Co., CV 15-2803, 2016 WL 3453662, at *1 (W.D. La. June 20, 2016).

### 4. Sanghani fails to state a viable claim under La. R.S. 22:1832.

United next argues that Sanghani's claim under La. R.S. 22:1832 should be dismissed. Again, the Court agrees. La. R.S. 22:1832 does not create a private right of action. See, e.g., Doctor's Hosp. of Slidell, LLC v. United HealthCare Ins. Co., CV 10-3862, 2011 WL 13213620, at *8 (E.D. La. Apr. 27, 2011) (citing Total Sleep Diagnostics, Inc. v. United Healthcare Ins. Co., No. 06-4153, 2009 WL 152537 (E.D. La. Jan. 21, 2009)). Rather, La. R.S. 22:1837 authorizes the Louisiana Commissioner of Insurance to enforce violations. The Court is aware of no authority under which La. R.S. 22:1832 vests – expressly or impliedly – an individual claimant with a cause of action.[1] Sanghani's claim fails.

### 5. Sanghani fails to state a viable claim under La. R.S. 22:1973.

United further maintains Sanghani's claim for penalties and special damages under La. R.S. 22:1973 – Louisiana's "good faith" statute – should be dismissed. By its express terms, the statute does not apply "to claims made under health and accident insurance policies." La. R.S. 22:1973(D). "Health and accident" insurance includes "[i]nsurance of human beings against bodily injury, disablement, or death by accident or accidental means, or the expense thereof, or against disablement, or expense resulting from sickness or old age, including insurance wherein the benefits

---

[1] At least one other court has held that claims under La. R.S. 22:1832 are conflict-preempted by ERISA. See, e.g., Omega Hosp., LLC v. United Healthcare Servs., Inc., CV 16-00560-JJB-EWD, 2017 WL 4228756, at *4 (M.D. La. Sept. 22, 2017) (finding claims under La. R.S. 22:1832 and 22:1838 were conflict-preempted by ERISA). Even if La. R.S. 22:1832 created a private right of action, this Court would agree that claim would be conflict-preempted by ERISA.

are covered at a higher level when health care is received from a defined network of health care providers." La. R.S. 22:47(2)(a). This statute does not apply to the Plan, an employee-sponsored welfare benefit (or "health") plan. See, e.g., Candies Shipbuilders, LLC v. Westport Ins. Corp., CV 15-1798, 2016 WL 614694, at *4 (E.D. La. Feb. 16, 2016).[2] As a matter of law, Sanghani's claim under La. R.S. 22:1973 is not viable.

### 6. Sanghani's claim for benefits should proceed under ERISA.

Finally, United argues that dismissal of Sanghani's claims "in their entirety and with prejudice" is the appropriate remedy. (Doc. 19, p. 3). United maintains Sanghani "has not sufficiently pled an ERISA cause of action." (Id.).

United seems to indicate that Sanghani should not be allowed to pursue a claim to recover benefits under the Plan. Although the petition is not entirely clear, Sanghani seems to have cited the three Louisiana statutes considered above to recover penalties, special damages, and attorney's fees. But Sanghani also seeks – at the very least, in general terms – to recover unpaid health benefits. Several times, Sanghani avers that he is entitled to recover penalties "in addition to the amount owed." (See Doc. 1-2, pp. 4-5). And in the final prayer for relief, Sanghani seeks the amount of unpaid benefits specifically, "along with" penalties and other remedies.

---

[2] Once again, even if Sanghani had stated a viable cause of action under La. R.S. 22:1973, that cause of action would be conflict-preempted under ERISA. See, Benoit v. Liberty Life Assurance Co. of Boston, CV 17-00641, 2017 WL 6002734, at *3 (W.D. La. Oct. 6, 2017), report and recommendation adopted, CV 17-0641, 2017 WL 5986195 (W.D. La. Dec. 1, 2017) (and cases cited therein) ("It is well settled—as courts have consistently held—that both of these statutes [La. R.S. 22:1821 and La. R.S. 22:1973] are remedial in nature such that they are not saved from preemption by the savings clause of 29 U.S.C. § 1144(b)(2)(A).").

ERISA preempts state law claims seeking to recover benefits under the terms of an ERISA plan. See Transitional Hosps. Corp. v. Blue Cross & Blue Shield of Texas, Inc., 164 F.3d 952, 954 (5th Cir. 1999). United is correct that Sanghani's statutory claims for penalties and attorney's fees should be dismissed with prejudice. But by virtue of ERISA's preemptive force, Sanghani's claim to recover benefits – under a Louisiana statute or otherwise – is converted into a federal cause of action under 29 U.S.C. § 1132(a)(1)(B): "[T]he ERISA civil enforcement mechanism is one of those provisions with such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" Aetna Health Inc. v. Davila, 542 U.S. 200, 209, 124 S.Ct. 2488, 2496, 159 L.Ed.2d 312 (2004) (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65–66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)). Sanghani's claim to recover benefits under the Plan therefore remains viable.

III. Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that the Motion to Dismiss (Doc. 10) filed by Defendant, UnitedHealthcare Insurance Company of Illinois, should be GRANTED, and that Plaintiff's claims under La. R.S. 22:1821, 22:1832, and 22:1973 should be DISMISSED WITH PREJUDICE.

IT IS FURTHER RECOMMENDED that the Motion for Summary Judgment (Doc. 10) filed by Defendant, UnitedHealthcare Insurance Company of Illinois should be DENIED as moot.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, this  8th  day of February, 2018.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE